# L & D LAW P.C.
*LIGGIERI & DUNISHA*
EMPLOYMENT LAWYERS
11 BROADWAY, SUITE 615
NEW YORK, NY 10004

January 3, 2022

Honorable Taryn A. Merkl
United States District Court, Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

**RE: Buckley et al v. The Resource Training Center, Inc., et al., (21-cv-0450-FB-TAM)**

Dear Judge Merkl:

     Please note that my office represents the Defendants' The Resource Training Center, Donna Mae DePola and Ann Marie Perrotto in the above referenced matter. We write in response to Plaintiffs' Motions' to Compel (Document 22 and Document 23). As set forth in previous letters, Ms. Weber has consistently played a game of ultimatums and discretionary deadlines. To the contrary, Ms. Weber does not like to apply any of these rules to her own discovery obligations, which counsel will also address.

     On Christmas Eve, December 24th, 2021, Plaintiff's counsel filed her motion to compel, requesting that counsel better organize the documents already provided and further requested that unless we comply, sanctions be asserted against the Defendants. Oddly enough, when Ms. Weber provides discovery, she only does so on a rolling basis, at will, under random emails, with recordings that defense counsel has stated do not even open. When this issue is brought up, Ms. Weber brushes it off. Nonetheless, as it applies to defense counsel, steps were taken to organize such documents, up and until the point that (i) counsel became sick and took time away from the office and (ii) counsel was bombarded with motions and deadlines on other cases. We already advised that we could reorganize such documents, but simply needed more time. Rather than hold an additional meet and confer, Ms. Weber demanded that documents be organized on Christmas Eve, even though defense counsel specifically advised Ms. Weber of a religious obligation which was to be held on that day. To date, each and every other deficiency has been cured and we've met all other deadlines set by the Court.

     To that end, this speaks to Ms. Weber's unreasonable demand requiring sworn affidavits regarding the names of individuals who complained regarding hostile work environment based on disability and failure to accommodate. Counsel conferred with the client, who apprised him of the name provided to Ms. Weber. Counsel's client has not been an officer since the very inception of the TRTC, and provided knowledge to the best of her ability at the time. It is also worth noting that at the time counsel conferred with the defense client, the client was diagnosed with COVID and fully bed ridden. As an officer of the court, I perform my due diligence, and

# L & D LAW P.C.
*LIGGIERI & DUNISHA*
EMPLOYMENT LAWYERS
11 BROADWAY, SUITE 615
NEW YORK, NY 10004

provided an answer to Ms. Weber. Frankly, I find it odd and a bit troubling that Ms. Weber had information regarding her sister's case for some time and failed to disclose that earlier. In any event, Ms. Weber has not made the details concerning her sister's prior lawsuit very clear; nor has she clarified the lawsuit concerning Ms. Pagan. Moreover, if Ms. Weber's purpose in obtaining this information was to interview and/or "discover" the details of such prior cases; certainly, she would be able to contact her own sister. It is now clear that the very request was simply an attempt to entrap Defendants who provided knowledge to the best of their ability at a time when half the office, including the client, was out with COVID. Even if a particular name slipped through the cracks, given the sheer amount of employees over the years, Ms. Weber is free to explore this realm of questioning during the deposition phase of discovery, which of course is sworn testimony, thus alleviating the need for a "sworn affidavit."

Apparently, Ms. Weber has experience suing the TRTC, a small non-profit organization that helps victims of addiction. As for Ms. Weber's arbitrary deadline of 5:00 on December 28th, Ms. Weber was made aware that my client was severely ill and bed ridden with COVID. This client is my contact person for such information. Ms. Weber became aware of this information because my clients are Plaintiffs in a lawsuit against Mr. Buckley, for which Mr. Buckley faced criminal charges, and we were engaged in conversation concerning discovery materials in that case.

Oddly enough, these motions come at a time when defense counsel made Ms. Weber aware of allegations concerning possible breaches of security and possible evidence tampering on behalf of her client, which the defense will address in a separate motion to this Court later this week. In addition, the defense would respectfully request that Plaintiffs provide a date certain (so ordered by the Court), for providing all of their discovery, in proper order, on a USB drive or CD; since for the time being, Ms. Weber sends random emails with random recordings, purporting to contain evidence that the recording simply does not have.

In sum and substance, respectfully, it is the defense that actually has a case under Rule 11 for sanctions, given the sheer amount of harassing emails and discretionary deadlines laid out by Plaintiffs; along with their never ending "rolling production" of mislabeled recordings which seem to be incomplete despite counsel's notice to the Plaintiffs to preserve all metadata and devices. Nevertheless, defense counsel has continued and will continue to operate on a professional level. I would be remiss, if I did not respectfully represent to this Court that in my years of practice, I have never once been sanctioned, have had cordial relationships with all opposing counsel, and have never been met with such hostility and condescension in every single exchange with opposing counsel. I am hopeful the Court can help us to resolve these issues.

We thank Your Honor for your consideration in this matter.

Sincerely,
**L & D LAW P.C.**
/s/
Paul Liggieri, Esq
*Attorneys for Defendants*
L & D LAW P.C.
(212) 374-9786

2